UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-62611-CV-COHN
Magistrate Judge Seltzer

AMELIA BARANDAS,

    Plaintiff,

vs.

ROSS DRESS FOR LESS, INC.,

    Defendant.

_____/

**ORDER DENYING MOTION TO DISMISS COMPLAINT**
**ORDER GRANTING MOTION FOR MORE DEFINITE STATEMENT**

**THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss Complaint or For a More Definite Statement [DE 7], Plaintiff's Response to Defendant's Motion [DE 13], and Defendant's Reply [DE 14].  The Court has carefully considered the motion, response, and reply and is otherwise fully advised in the premises.  The motion to dismiss became ripe on January 9, 2012.

**I.  BACKGROUND**

Plaintiff Amelia Barandas ("Plaintiff") filed this action against Ross Dress for Less, Inc. ("Defendant") for negligence related to her injuries from her slipping on water on the floor of Defendant's store, located in Oakland Park, Florida.  Complaint ¶ 11.  Plaintiff is a citizen of Florida, while Defendant is a California corporation with its principal place of business in California.  Notice of Removal, ¶ 11.  The Court has diversity jurisdiction to hear this action.

The Complaint alleges that Defendant was negligent in creating a dangerous condition at its premises by allowing a wet floor to exist.  Compl., ¶ 12.  The Complaint does not list separate counts, but is entitled "Complaint for Negligence."  Therefore, a

single claim of negligence is alleged.  Defendant has moved to dismiss the Complaint under Fed. R. Civ. P. 12(b) for failure to state a claim, and has moved in the alternative for a more definite statement under Fed. R. Civ. P. 12(e).  Plaintiff opposes the motion.

## II.  DISCUSSION

### A.  Motion to Dismiss

In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court stated that a complaint must contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  550 U.S. at 555.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id.  Taking the facts as true, a court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action."  Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).  In Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009), the Supreme Court further stated that a court need not accept legal conclusions as true, but only well-pleaded factual allegations are entitled to an assumption of truth.

A plaintiff states a claim for negligence under Florida law by alleging a duty of care owed by the defendant to the plaintiff, breach of that duty of care, causation and resulting damages.  Mosby v. Harrell, 909 So.2d 323, 327 (Fla. Dist. Ct. App. 2005); Hasenfus v. Secord, 962 F.2d 1556, 1559-60 (11th Cir. 1992).  Defendant contends that

in the context of a slip on a wet floor at a retail location invoking premises liability, Plaintiff has failed to sufficiently state a claim. Defendant argues that Plaintiff has not alleged where in the large department the incident occurred, a fact important to determine both the duty and the standard of care. Defendant also contends Plaintiff has failed to allege why she was at the store that day, what time of day the incident occurred, how the water got on the floor, how much water was on the floor, and what steps Plaintiff took to avoid the water. See Motion at 4.[1]

In opposition to the motion, Plaintiff asserts that she has alleged sufficient facts to support each element of a premises liability claim. Plaintiff contends that Defendant simply wishes more facts be plead as to the location of the water spill. Plaintiff notes that Defendant took her statement at counsel's office and already has this information. In reply, Defendant notes that Plaintiff's complaint is largely conclusory as to a premises liability claim.

The Court concludes that Plaintiff has stated the bare minimum of a negligence claim for premises liability, though the facts alleged are vague. In addition, as discussed below, Plaintiff's claim is also vague as to the theory of liability asserted.

### B.  Motion for More Definite Statement

Defendant also seeks this Court to direct Plaintiff to file a more definite statement in the form of an amended complaint, relying upon the same arguments as made above. "A motion for more definite statement is appropriate if a pleading 'is so

---

[1] Defendant also argues that Plaintiff has commingled various theories of negligence in her unspecified "Complaint for Negligence." In response, Plaintiff states simply that only a premises liability claim is presented.

vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading.'" Betancourt v. Marine Cargo Management, 930 F. Supp. 606, 608 (S.D. Fla. 1996); Rule 12(e), Fed. R. Civ. P.  "In the federal system the rules employ the concept of notice pleading and motions for more definite statement are disfavored in light of the liberal discovery practices."  Scarfato v. Nat'l Cash Register Corp., 830 F. Supp. 1441, 1443 (M.D. Fla. 1993); see also Bazal v. Belford Trucking Co., 442 F.Supp. 1089 (S.D. Fla. 1977).

Defendant argues that Plaintiff's complaint is so vague because she simply alleges that she was on the premises of Defendant and fell due to water on the floor. Defendant also contends that because Plaintiff's complaint does not contain separate counts, it is vague as to whether additional theories of liability are being alleged beyond premises liability.  While Plaintiff states in her Response that she is only alleging a claim for premises liability, the Complaint as written could be interpreted in various ways.  A complaint must only contain one claim per count.  See Rule 10(b), Fed. R. Civ. P.; Anderson v. District Board of Trustees of Central Florida Community College, 77 F.3d 364, 366-67 (11th Cir. 1996).

The Court therefore concludes that under Fed. R. Civ. P. 12(e), Plaintiff must provide a more definite statement of her claim, including the addition of separate counts, even if only one count is alleged.  While the Court is not determining that Plaintiff must provide all of the information listed by Defendant at page four of its motion, Plaintiff must include factual allegations as to her purpose for being at the retail location, the approximate time of day the incident occurred, and approximately where in the large department store the incident occurred.

## III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss Complaint [DE 7] is hereby **DENIED**;

2. Defendant's Motion For a More Definite Statement [DE 7] is hereby **GRANTED**, as described above;

3. By January 27, 2012, Plaintiff shall file an Amended Complaint that comports with this Order. Defendant's response shall be due 14 calendar days after the filing of an Amended Complaint;

4. Failure to file an Amended Complaint by this date shall result in the dismissal of this action for failure to provide a more definite statement.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 18th day of January, 2012.

_____
JAMES I. COHN
United States District Judge

copies to:

counsel of record on CM/ECF