UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-62611-CIV-COHN/SELTZER

AMELIA BARANDAS,

    Plaintiff,

vs.

ROSS DRESS FOR LESS, INC.,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court upon Defendant's Motion for Summary Judgment [DE 42]. The Court has carefully considered the motion and related filings and is otherwise fully advised in the premises.

**I.    Background**[1]

On the evening of April 13, 2011, Plaintiff Amelia Barandas ("Plaintiff") was shopping at a store owned by Defendant Ross Dress for Less, Inc., ("Defendant") in Oakland Park, Florida. Plaintiff tried on a blouse in one of the store's fitting rooms, which took no more than ten minutes. After leaving the fitting room, Plaintiff slipped

---

[1] Defendant's statement of material facts, which is combined with an "Introduction" summarizing Defendant's arguments, does not consist of separately numbered paragraphs, as required by Local Rule 56.1(a)(3). See DE 42 at 1-9. Further, many of the facts that Defendant recites are not supported by specific references to the record, as mandated by Local Rule 56.1(a)(2). See id. These deficiencies have made it more difficult for the Court to ascertain the facts, both disputed and undisputed, material to Defendant's motion. Nevertheless, the Court has set forth the pertinent facts based on a careful review of the deposition transcripts submitted by the parties. See DE 42-1 (Dep. of Amelia Barandas); DE 43-1 (Dep. of Marisol Roman). For purposes of this motion, the Court views the facts in the light most favorable to Plaintiff, the non-moving party. See Davis v. Williams, 451 F.3d 759, 763 (11th Cir. 2006).

and fell on an adjacent tile walkway. Plaintiff alleges that her fall was caused by a water-like liquid on the floor—a substance she did not see until after she fell. According to Plaintiff, no warning sign was posted in the wet area, nor was any store employee present. Plaintiff asserts that after she fell, one of Defendant's employees approached her and told her that children had spilled water on the floor. Plaintiff claims to have suffered serious injuries as a result of the fall.[2]

On November 18, 2011, Plaintiff filed this negligence action in state court, alleging that Defendant created a dangerous condition (a wet floor) that made it unsafe for Plaintiff to walk on the store premises and that Defendant failed to warn Plaintiff of that condition. See DE 1-2. Defendant later removed the case to federal court based on diversity jurisdiction. See DE 1. On January 18, 2012, the Court ordered Plaintiff to provide a more definite statement of her claim. See DE 15 at 4-5. Plaintiff subsequently filed an Amended Complaint that pleaded additional facts but otherwise maintained her negligence claim. See DE 19. In its Answer, Defendant denied liability and asserted numerous affirmative defenses. See DE 20. On June 11, 2012, Defendant filed its present Motion for Summary Judgment. See DE 42.

---

[2] The store employee identified by Plaintiff, Marisol Roman, testified to a very different version of events. According to Roman, when Plaintiff approached the wet area of the walkway, another employee had already mopped up the spill, a large yellow warning cone was posted in front of the wet area, and Roman was standing next to the cone. Although Roman tried to tell Plaintiff to walk around the area of the spill, Plaintiff walked directly into it. Roman further testified that Plaintiff began to fall but that Roman caught her. Plaintiff told Roman that she was okay and did not appear to be in any pain. While a jury might choose to credit Roman's testimony, the Court must accept Plaintiff's version of the facts in evaluating Defendant's summary-judgment motion.

II.   Discussion

    A.   **Summary Judgment Standard**

The Court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  To satisfy this burden, the movant must point out to the Court that "there is an absence of evidence to support the nonmoving party's case."  Id. at 325.

After the movant has met its burden under Rule 56(a), the burden of production shifts, and the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  As Rule 56 explains, "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . . the court may . . . grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it."  Fed. R. Civ. P. 56(e)(3).  Therefore, the non-moving party "may not rest upon the mere allegations or denials in its pleadings" but instead must present "specific facts showing that there is a genuine issue for trial."  Walker v. Darby, 911 F.2d 1573, 1576-77 (11th Cir. 1990).

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim.

See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party."  Walker, 911 F.2d at 1577.  If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, summary judgment may be granted."  Anderson, 477 U.S. at 249-50 (citations omitted).

The Court's function at the summary-judgment stage is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  Id. at 249.  In making this determination, the Court must discern which issues are material:  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  Id. at 248.  Moreover, in deciding a summary-judgment motion, the Court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor.  See Davis v. Williams, 451 F.3d 759, 763 (11th Cir. 2006).

**B.    Defendant's Arguments**

Defendant contends that the record fails to support Plaintiff's claim that Defendant acted negligently in connection with Plaintiff's alleged fall.  To establish a negligence claim under Florida law, a plaintiff must prove four elements:  "(1) a legal duty on the defendant to protect the plaintiff from particular injuries; (2) the defendant's breach of that duty; (3) the plaintiff's injury being actually and proximately caused by the breach; and (4) the plaintiff suffering actual harm from the injury."  Zivojinovich v. Barner, 525 F.3d 1059, 1067 (11th Cir. 2008) (per curiam) (citing Clay Elec. Coop., Inc.

4

v. Johnson, 873 So. 2d 1182, 1185 (Fla. 2003)).  A premises owner like Defendant owes two duties to a business invitee such as Plaintiff:  "(1) to take ordinary and reasonable care to keep its premises reasonably safe for invitees; and (2) to warn of perils that were known or should have been known to the owner and of which the invitee could not discover."  Delgado v. Laundromax, Inc., 65 So. 3d 1087, 1089 (Fla. 3d DCA 2011).  Further, a plaintiff who "slips and falls on a transitory foreign substance in a business establishment . . . must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it."  Fla. Stat. § 768.0755(1).[3]  The plaintiff may prove constructive knowledge through circumstantial evidence showing either that "[t]he dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition" or that "[t]he condition occurred with regularity and was therefore foreseeable."  Id.

     Here, relying mainly on cases involving constructive knowledge of slip-and-fall hazards, Defendant argues that ten minutes or less—the length of time Plaintiff was in the fitting room—is too short a time to require a retailer to remedy a spill and to charge it with negligence for failing to do so.  This argument suffers from two problems.  First, it assumes that the spill necessarily occurred after Plaintiff entered the fitting room, based on Plaintiff's testimony that she did not observe any liquid on the walkway before she tried on the blouse.  But viewing the facts in the light most favorable to Plaintiff, the

---

[3]  Section 768.0755 was intended to "reinstate actual or constructive knowledge as an essential element of a cause of action."  Peer v. Home Depot U.S.A., 2012 WL 1453573, at *2 n.2 (S.D. Fla. Apr. 26, 2012).  The statute became effective on July 1, 2010, and therefore applies to Plaintiff's claim here.  See id.

record shows only that Plaintiff did not see the spill—a clear liquid—before she entered the fitting room, not that it did not already exist at that time. In fact, Plaintiff testified that she never saw the spill until after she fell. Second, even if Plaintiff cannot prove that the spill existed for a sufficient time to charge Defendant with *constructive* knowledge of the hazard,[4] a reasonable jury could conclude that Defendant had *actual* knowledge of the spill but failed to protect Plaintiff from harm. See Fla. Stat. § 768.0755(1). Plaintiff testified that after she slipped and fell, one of Defendant's employees informed her that children had spilled water on the floor. Yet according to Plaintiff, at the time of her fall, no warning sign was posted in the wet area, nor was any store employee present. These facts, if proven at trial, would support a finding that Defendant was negligent. See, e.g., Wilson v. Target Corp., 2011 WL 3878366, at *2-*3 (S.D. Fla. Sept. 1, 2011) (denying retailer's motion for summary judgment in slip-and-fall negligence case, based on employee's alleged statement to plaintiff that employee had seen liquid spilled on floor where plaintiff fell but had done nothing to remedy it).[5]

**III.  Conclusion**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

---

[4]  Plaintiff recognizes that no evidence shows how long the floor had been wet when she allegedly slipped and fell. See DE 49 at 8. This lack of evidence likely forecloses any negligence claim here based on Defendant's constructive knowledge of the spill. See Fla. Stat. § 768.0755(1). Indeed, Plaintiff concedes that "[t]his case isn't a constructive notice case." DE 49 at 9.

[5]  As previously noted, major conflicts exist between Plaintiff's testimony and that of Defendant's employee. See supra note 2. But it is the role of the jury, not this Court, to resolve those conflicts. See Anderson, 477 U.S. at 249; see also Stewart v. Booker T. Washington Ins., 232 F.3d 844, 848 (11th Cir. 2000) (explaining that a court ruling on a summary-judgment motion "must avoid weighing conflicting evidence or making credibility determinations").

1. Defendant's Motion for Summary Judgment [DE 42] is hereby **DENIED**;

2. Calendar Call remains set for August 23, 2012, at 9:00 a.m., and Trial will be held during the two-week period commencing August 27, 2012, at 9:00 a.m.;

3. Consistent with the Court's prior Orders, the following pretrial deadlines remain:

| | |
|---|---|
| Mediation completed | July 27, 2012 |
| Motions in limine | August 10, 2012 |
| Responses to motions in limine, joint pretrial stipulation, and designation of deposition excerpts for trial | August 20, 2012 |
| Proposed jury instructions and verdict forms, voir dire questions, and objections to deposition designations and/or cross-designations | Calendar Call |

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 17th day of July, 2012.

_____
JAMES I. COHN
United States District Judge

Copies furnished to:

Counsel of record via CM/ECF